IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2018 DEC 11  P 2:12

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

TIMOTHY W. TARVER,            )
                              )
    Plaintiff,                )
                              )
vs.                           )      2:18 CV 1034
                              )
SIBLEY G. REYNOLDS            )
                              )
    Defendant.                )

## COMPLAINT

COMES NOW, Timothy Tarver, (Plaintiff), by and through undersigned counsel, and files this complaint, pursuant to 42 U.S.C. § 1983, against the Honorable Sibley G. Reynolds, (Defendant), acting under color of law as a judge in the Elmore County Circuit court, to redress violations of certain protections guaranteed by the Fourteenth (14th) Amendment of the United States Constitution, and deprivation of property rights protected and secured under federal laws.

**I.   INTRODUCTION**

1.  This is an action brought for declaratory judgment and equitable relief against the Defendant in his official and individual capacities, to redress actions under color of law, to deprive, deny and fail to confer the Plaintiff's rights and protections secured through the Fourteenth (14th) Amendment and under Federal laws, as imparted to other United States and Alabama veterans in similar and same situation. The Plaintiff is among the class of persons receiving benefits for whose protection Congress enacted federal laws to specifically prohibit the Defendant's unlawful actions.

1

2. This action seeks permanent injunction for any and all of the Defendant's official and individual actions related to the Plaintiff, in addition to, compensatory and punitive damages.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 28 U.S.C. §§ 2201 and 2202.

4. The unlawful acts, omissions, events, injuries and related facts and practices alleged herein were committed by the Defendant within the 19th Judicial District of Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

5. The Plaintiff, Timothy Tarver, is a 100% disabled veteran and a resident of Mobile County, Alabama.

6. The Defendant, Sibley Reynolds, is a judge in the 19th Judicial District of Alabama, Elmore County Circuit court and a resident of the State of Alabama.

## IV. STATEMENT OF FACTS

7. The facts below establish the Defendant's pattern of actions, committed under color of law, to deprive the Plaintiff of Constitutional and Federal rights.

8. On June 11, 2012, the Defendant entered final decree of divorce incorporating Settlement Agreement which directly assigned 50% of the Plaintiff's Veterans Administration (VA) disability to the Former Wife. (Exhibit 1, and Exhibit 2). Within that Settlement Agreement is a provision that "the Husband shall assist the Wife in submitting to the appropriate governmental agency [VA] those documents necessary to convey her interests as stated herein." (Exhibit 2 at ¶ 14).

9. On February 18, 2014, the Defendant modified terms of the Settlement Agreement to require the Plaintiff to make direct payment of VA disability to the Former Wife. (Exhibit 3).

10. On December 17, 2014, the Defendant issued order of contempt and judgment of the Plaintiff's VA disability as payment to the Former Wife. (Exhibit 4).

11. On January 12, 2015, the Defendant levied the Plaintiff's VA disability to be attached as Supersedeus Bond. (Exhibit 5).

12. On November 2, 2015, the Former Wife filed Petition for Contempt seeking an increased amount of the Plaintiff's VA disability. (Exhibit 6 at ¶ 3a).

13. On January 13, 2017, the Plaintiff filed Motion to Dismiss for Lack of Subject Matter Jurisdiction which the Defendant verbally denied on June 8, 2017. (Exhibit 7).

14. On June 28, 2017, the Defendant issued order of contempt and judgment of the Plaintiff's VA disability as payment to the Former Wife. (Exhibit 8).

15. On September 19, 2017, the Former Wife filed Process of Garnishment seeking to garnish VA disability from the Plaintiff's banking accounts. The Plaintiff was not noticed as required by due process. (Exhibit 9).

16. On November 3, 2017, the Former Wife filed an additional Process of Garnishment. (Exhibit 10).

17. On November 22, 2017, unbeknownst to the Plaintiff, the Defendant served the garnishment filing of September 19, 2017, to Hancock Bank for garnishment of the Plaintiff's VA disability and other funds. (Exhibit 11). Upon receipt, Hancock Bank garnished the sum total of $26,510.39 from the Plaintiff's accounts consisting of the following amounts: a) VA disability ($6,038.18); b) Military retirement ($3,207.29); c) VA education benefits ($4,447.96); and d) employment income ($12,816.96).

18. On November 29, 2017, upon learning of the garnishment execution, the Plaintiff advised Hancock Bank of the unlawful garnishment of VA disability. (Exhibit 12). On that same date, Hancock Bank returned the garnished VA disability yet retained the remainder of garnished employment income, military retirement, and VA education benefits pending order from the Defendant regarding disposition. (Exhibit 13).

19. On November 29, 2017, the Plaintiff filed Motion for Immediate Stay and Claim of Exemption. (Exhibit 14, and Exhibit 15).

20. On December 21, 2017, the Defendant refused to grant the Plaintiff's Motion for Immediate Stay until the Plaintiff posted Supersedeus Bond consisting of VA disability in the amount of $51,200.00. (Exhibit 16, and Exhibit 17).

## VI. FEDERAL STATUTES

21. Under 42 U.S.C. § 1983, every person who under color of law subjects, or causes to be subjected, any citizen within its jurisdiction to the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress."

22. The Fourteenth (14th) Amendment of the United States Constitution states "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

23. Under 10 U.S.C. § 1408, state courts are expressly and specifically deprived authority to divide VA disability as community property. Specifically stated:

> (c)(1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the

4

> member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.
>
> (a)(4) 'Disposable retired or retainer pay' means the total monthly retired or retainer pay to which a member is entitled (other than the retired pay of a member retired for disability under chapter 61 of this title) less amounts which...are required by law to be and are deducted from the retired or retainer pay of such member, including...amounts waived in order to receive compensation under title 5 or title 38....

24. Under 38 U.S.C. § 5301, state courts are deprived of jurisdiction to assign, or enforce assignment, of VA disability. Specifically, 38 U.S.C. § 5301(a)(1) states that VA disability "shall not be assignable" and "shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." Notwithstanding, 38 U.S.C. § 5301(a)(3)(A) prohibits voluntary assignment of VA disability stating "such agreement shall be deemed to be an assignment and is prohibited." (Emphasis added).

25. Federal and Alabama laws limit state court power to garnish VA disability from a veteran. Specifically stated:

> Garnishment actions for VA disability covered under 38 U.S.C. § 5301 are limited "to enforce the legal obligation of the individual to provide child support or alimony." 42 U.S.C. § 659(a)
>
> "[o]nly that part of the Department of Veterans Affairs payment that is in lieu of the waived retired pay or waived retainer pay is subject to garnishment." 5 C.F.R. § 581.103
>
> An account holder shall have no requirement to assert any right of garnishment exemption prior to accessing the protected amount in the account. 31 C.F.R. § 212.6(a)

> "Benefits and payments ordinarily exempt from garnishment include,...<u>veteran's benefits</u>...". Emphasis added. Ala.R.Civ.P. 64A

## VII. CLAIMS

27. The Plaintiff adopts and re-alleges all of the above paragraphs as set out in full.

28. At all times, the Defendant was knowledgeable that his actions were taken in absence of all jurisdiction under color of law.

29. At all times, the Defendant was knowledgeable that Federal law expressly deprives him of jurisdiction to divide VA disability as marital property. See 10 U.S.C. § 1408(c)(1).

30. At all times, the Defendant was knowledgeable that Federal law expressly deprives him of jurisdiction and prohibits VA disability from "attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary". See 38 U.S.C. § 5301(a)(1)

31. At all times, the Defendant was knowledgeable that Federal law deprives him of jurisdiction to enforce assignment of VA disability in that voluntary assignment "is prohibited". See 38 U.S.C. § 5301(a)(3)(A).

32. At all times, the Defendant's repeated actions had no legal basis, were not supported by any federal or state statute, or legitimate governmental interests or imaginable or reachable grant of jurisdiction, and were executed in conscious usurpation of any and all judicial authority with no substantive legal purpose.

33. At all times, the Defendant had the power, ability, authority, and duty to cease engaging in the unlawful extrajudicial conduct described herein and/or to intervene.

34. Despite knowledge, power, and duty, the Defendant purposefully and negligently failed to act to stop and/or prevent, prohibit or protect deprivation of the Plaintiff's rights.

6

35. Despite knowledge, power, and duty, the Defendant purposefully and negligently failed to provide the Plaintiff due process of law.

36. Despite knowledge, power, and duty, the Defendant purposefully and negligently failed to provide the Plaintiff equal protection of the laws.

37. The Defendant currently deprives the Plaintiff of VA disability, pursuant to the order of February 18, 2014, which he reinforced on June 28, 2017, that orders the Plaintiff to surrender VA disability on a monthly basis. (Exhibits 3 & 8).

## COUNT I – DEPRIVATION OF FOURTEENTH (14TH) AMENDMENT RIGHT TO DUE PROCESS

38. The Plaintiff adopts and re-alleges all of the above paragraphs as set out in full.

39. At all times relevant to Count I, the Defendant was acting in absence of all jurisdiction under color of law.

40. The Defendant knowingly failed to provide notice to the Plaintiff of the garnishment proceeding filed on September 19, 2017. *Sniadach v. Family Financial Corp.*, 395 U.S. 337, 23 L. Ed. 2d 349, 89 S. Ct. 1820 (1969) (Notice is required before a person is deprived of his or her property interest); see also *Premier Health Mgmt. v. Sherling*, 100 So. 3d 561 (Ala. Civ. App. 2012) (Strict compliance with the rules regarding service of process is required).

41. On November 22, 2017, the Defendant knowingly deprived the Plaintiff of his Fourteenth (14th) Amendment right of due process right to be heard in a pre-deprivation hearing and deprived the Plaintiff of VA disability which is a significant deprivation of rightful property protected under federal laws. See 38 U.S.C. § 5301(a)(1); see also *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893 (1976) (The essence of due process is the requirement that a person in jeopardy of serious loss be given notice of the case against him and opportunity to meet it); see also *Stallworth v. City of Evergreen*, 680 So. 2d 229 (Ala. 1996) (The essential requirements of due

process are notice and an opportunity to respond); *Ex parte M.F.B.*, 228 So. 3d 460 (Ala. Civ. App. 2017) (Party has a procedural due-process right to notice of a proceeding to deprive that party rights and a right to a pre-deprivation hearing as expeditiously as possible); see also *Johnson v. Ala. Agric. & Mech. Univ.*, 481 So. 2d 336 (Ala. 1985) (Person in jeopardy of serious loss must be afforded a meaningful opportunity to present his case); *Smith v. McGriff*, 434 F. Supp. 673 (M.D. Ala. 1976) (Person is jeopardy of serious loss must be given opportunity to be heard).

### COUNT II – DEPRIVATION OF FOURTEENTH (14th) AMENDMENT RIGHT TO EQUAL PROTECTION OF THE LAW

42. The Plaintiff adopts and re-alleges all of the above paragraphs as set out in full.

43. At all times relevant to Count II, the Defendant was acting in absence of all jurisdiction under color of law.

44. The Defendant had full knowledge that his extrajudicial actions denied the Plaintiff's Fourteenth (14th) Amendment right of equal protection under the laws, as provided to other United States and Alabama veterans in similar situation, and were taken without support of any Federal or State statute. *Mansell v. Mansell*, 490 U.S. 581, 109 S. Ct. 2023, 104 L. Ed. 2d 675 (1989) ("Even these state processes cannot directly attach the military retiree's disability benefits for purposes of satisfying a community property division given the strictures of the anti-attachment provision of 38 U. S. C. § 3101(a) [now 5301(a)]"); see also *Howell v. Howell*, 137 S. Ct. 1400 (2017); ("[Assignment orders regarding VA disability] displace the federal rule and stand as an obstacle to the accomplishment and execution of the purposes and objectives of Congress. All such orders are thus preempted."); see also *Ex parte Billeck*, 777 So. 2d 105 (Ala. 2000) (The *Mansell* decision and federal law protect VA disability from division or assignment); see also *Stone v. Stone*, 26 So. 3d 1232 (Ala. Civ. App. 2009) (State courts lack power to distribute VA disability); see also *In re Marriage of Lutes*, 2005 MT 242, 328 Mont. 490, 121 P.3d 561 (2005) ([f]ederal

preemption trumps the District Court's authority to enforce obligation to pay the VA disability benefits as part of the equitable distribution of the marital estate under the Agreement and Decree).

46. On June 28, 2017, the Defendant denied the Plaintiff equal protection of the laws, as provided to other citizens and veterans in similar situation, when he issued finding of contempt and order of judgment for the Plaintiff's VA disability. (Exhibit 8). *Board of Revenue v. Merrill*, 193 Ala. 521 (Ala. 1915) (Denial to defendant charged with violation not with the jurisdiction of the court to enter motion or answer is a denial of due process of law guaranteed by the 14th amendment to the Constitution); see also *Ryan v. Ryan*, 600 N.W.2d 739 (Neb. 1999) (Veteran cannot be held in contempt for failure to pay VA disability to former wife); see also *Mattson v. Mattson*, 903 N.W.2d 233 (Minn. Ct. App. 2017) (Federal law preempts state courts from dividing a veteran's military disability compensation as marital property and renders such property divisions unenforceable, even if agreed upon).

46. On June 28, 2017, the Defendant deprived the Plaintiff equal protection of the laws, as provided to other veterans, when he issued order of judgment for the Plaintiff's VA disability. (Exhibit 8). *Mansell v. Mansell*, 490 U.S. 581, 594-95 (1989); see also *Abernethy v. Fishkin*, 699 So. 2d 235 (Fla. 1997) (A state court may not enforce a property settlement agreement in which military personnel assign military disability benefits).

47. On November 22, 2017, the Defendant deprived the Plaintiff equal protection of the laws when he unlawfully garnished the Plaintiff's VA disability for distribution to the Former Wife. (Exhibit 12). *In re Marriage of Pierce*, 982 P.2d 995 (Kan. Ct. App. 1999) (State trial courts have no jurisdiction over disability benefits received by a veteran); *Inzinna v. Inzinna*, 456 So. 2d 69 (La. Ct. App. 5th Cir, 1984) writ denied, 461 So. 2d 317 (La. 1984) (Former wife seeking

partition of community property was not entitled to any portion of the former husband's military service pension which constituted disability pay).

48.     On December 21, 2017, the Defendant deprived the Plaintiff equal protection of the laws when he unlawfully levied and attached the Plaintiff's VA disability requiring assignment of VA disability monies as Supersedeus Bond. (Exhibit 17). 38 U.S.C. § 5301(a)(1); see also *Mansell v. Mansell*, 490 U.S. 581, 109 S. Ct. 2023, 104 L. Ed. 2d 675 (1989) ("Even these state processes cannot directly attach the military retiree's disability benefits for purposes of satisfying a community property division given the strictures of the anti-attachment provision of 38 U. S. C. § 3101(a) [now 5301(a)]")

## COUNT III - DEPRIVATION OF FEDERAL RIGHT TO VA DISABILITY

49.     The Plaintiff adopts and re-alleges all of the above paragraphs as set out in full.

50.     At all times relevant to Count III, the Defendant was acting in absence of all jurisdiction under color of law.

51.     The Defendant deprived the Plaintiff of his federal right to VA disability. *Higgins v. Beyer*, 293 F.3d 683 (3d Cir. N.J. 2002) (38 U.S.C.S. § 5301(a) provides a federal right that is enforceable under 42 U.S.C.S. § 1983).

## COUNT IV - REFUSING TO PREVENT DEPRIVATION OF RIGHTS

52.     The Plaintiff adopts and re-alleges all of the above paragraphs as set out in full.

53.     At all times relevant to Count IV, the Defendant was acting in absence of all jurisdiction under color of law.

54.     The Defendant knowingly and willingly acted in dereliction of his duties in refusing to observe, uphold and enforce unquestionable federal laws enacted to prevent his unlawful actions to deprive the Plaintiff of Constitutional and Federal rights to VA disability.

## COUNT IV - ARBITRARY AND IRRATIONAL CLASSIFICATION

55. The Plaintiff adopts and re-alleges all of the above paragraphs as set out in full.

56. At all times relevant to Count IV, the Defendant was acting in absence of all jurisdiction under color of law.

57. The Defendant arbitrarily and irrationally singled-out the Plaintiff, among the class of over 21.8 million United States and 400,000 Alabama veterans, to knowingly and indiscriminately apply incongruous and disparate treatment to deny, or fail to protect, the Plaintiff's rights as provided to countless other veterans in similar circumstance. *Clauson v. Clauson*, 831 P.2d 1257 (Alas. 1992); see also *Ashley v. Ashley*, 990 S.W.2d 507 (Ark. 1999); see also *In re Marriage of Wojcik*, 838 N.E.2d 282 (Ill. App. Ct. 2005); see also *In re Marriage of Pierce*, 982 P.2d 995 (Kan. Ct. App. 1999); see also *Wright v. Wright*, 594 So.2d 1139 (La. Ct. App. 1992); see also *Kramer v. Kramer*, 567 N.W.2d 100 (Neb. 1997); see also *Youngbluth v. Youngbluth*, 6 A.3d 677 (Vt. 2010); see also *Mallard v. Burkart*, 95 So. 3d 1264 (Miss. 2012); see also *Abernethy v. Fishkin*, 699 So. 2d 235 (Fla. 1997).

## COUNT V - INFLICTION OF EMOTIONAL DISTRESS

58. The Plaintiff adopts and re-alleges all of the above paragraphs as set out in full.

59. At all times relevant to Count V, the Defendant was acting in absence of all jurisdiction under color of law.

60. The Defendant knew or reasonably should have known that his actions described herein would and did result in physical, psychological, and emotional distress to the Plaintiff.

61. The Defendant knew or reasonably should have known that his actions described herein would and did result in undue and unnecessary financial hardship to the Plaintiff.

62. The Defendant had full knowledge that his actions were of no legitimate or substantive legal basis but were gratuitous to inflict severe emotional distress causing the Plaintiff to suffer extreme bouts of depression, anxiety, and panic that were unwarranted and avoidable had the Defendant enforced the Plaintiff's Constitutional and Federal rights under equal protection of the laws.

## COUNT VI - UNBRIDLED USURPATION OF JURISDICTION

63. The Plaintiff adopts and re-alleges all of the above paragraphs as set out in full.

64. At all times relevant to Count VI, the Defendant was acting in absence of all jurisdiction under color of law.

65. The Defendant unlawfully intimidated and coerced the Plaintiff, with threat of incarceration, to enforce assignment of the Plaintiff's VA disability. *Howell v. Howell*, 137 S. Ct. 1400 (U.S. May 15, 2017) (State courts cannot vest that which (under governing federal law) they lack the authority to give). No Federal or State statute confers jurisdiction upon the Defendant to assign, or enforce assignment of, VA disability. *Campbell v. Taylor*, 159 So. 3d 4 (Ala. July 3, 2014). (A circuit court's subject-matter jurisdiction is derived from the Alabama Constitution and the Alabama Code.).

## PRAYER FOR RELIEF

WHEREFORE, by reason of the foregoing, the Plaintiff respectfully avers the following and prays of this Honorable Court to enter judgment as follows:

A. The U.S. Supreme Court has long held that federal courts may grant injunctive relief against state officers who are violating, or planning to violate, federal law. *Osborn v. Bank of United States*, 22 U.S. 738, 9 Wheat. 738, 838-839, 844, 6 L. Ed. 204 (1824) (Because the state law authorizing defendants to seize the money was unconstitutional and void, the circuit court

correctly ordered defendants to repay the money with interest); see also *Strawser v. Strange*, 105 F. Supp. 3d 1323 (S.D. Ala. 2015) (It is true enough that we have long held that federal courts may in some circumstances grant injunctive relief against state officers who are violating, or planning to violate, federal law. Injunction granted).

B.  Enter an order for immediate preliminary injunction to the Defendant restraining his involvement in any and all litigation regarding the Plaintiff. *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908) (The circuit courts of the United States will restrain a state officer when it would violate rights and privileges of the complainant which had been guaranteed by the Constitution, and would work irreparable damage and injury to him); see also *Strawser v. Strange*, 105 F. Supp. 3d 1323 (S.D. Ala. 2015) (A district court may grant a preliminary injunction only if the plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits, (2) a substantial threat irreparable injury will occur absent issuance of the injunction, (3) the threatened injury outweighs the potential damage the required injunction may cause the non-moving parties, and (4) the injunction would not be adverse to the public interest).

C.  Enter declaratory judgment holding that the actions of the Defendant, described herein above, violated the Plaintiff's Fourteenth (14th) Amendment rights and Federal right to VA disability.

D.  Enter permanent injunction enjoining the Defendant from any and all future litigation involving the Plaintiff.

E.  Enter a permanent injunction enjoining the Defendant from decisions, procedures, and practices which involve the Plaintiff's, or any veteran's, VA disability.

F.  Enter an Order admonishing the Defendant for failure to adopt and enforce federal laws and for actions committed in absence of all judicial authority, under color of law, to deprive

the Plaintiff of rights, privileges, protections, compensations and entitlements guaranteed under the United States Constitution and Federal laws.

G. Enter an Order requiring the Defendant to make the Plaintiff whole by awarding damages for loss of VA disability, plus interest.

H. Award the Plaintiff compensatory and punitive damages against the Defendant in his individual capacity for violations stated herein.

I. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of all costs, attorney fees and expenses in the efforts to recover rights deprived by the Defendant.

J. Retaining jurisdiction over this action until the Defendant has fully complied with the orders of this Honorable Court.

Respectfully submitted, this the 11th day of December, 2018.

*Melissa R. Isaak*

Melissa L. Isaak
Attorney for Timothy W. Tarver
The Isaak Law Firm
2815B Zelda Road
Montgomery, AL 36103
334-262-8200
334-819-4072   fax
Melissa@ProtectingMen.com

**CERTIFICATE OF SERVICE**

 I hereby certify that a copy of the foregoing has been furnished by private process service on this the 11th day of December, 2018.

Hon. Sibley G. Reynolds
500 2nd Ave. N.
Clanton, Alabama 35045

*Melissa L. Isaak*
Melissa L. Isaak
Attorney for Timothy W. Tarver
The Isaak Law Firm
2815B Zelda Road
Montgomery, AL 36103
334-262-8200
334-819-4072   fax
Melissa@ProtectingMen.com